IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| QUENTIN M. JACKSON, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> Warden J BEASLEY, *et al.*, <br><br> Defendants. | : <br> : <br> : <br> : CASE NO.: 7:22-cv-00058-WLS-TQL <br> : <br> : <br> : <br> : <br> : |

## ORDER

Before the Court is Plaintiffs Quentin M. Jackson and Antonio Lamar Morgan's *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) Both Plaintiffs are inmates currently incarcerated at Valdosta State Prison. (*Id.*) Plaintiff Jackson has signed the Complaint (*Id.*) and filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), as well as a declaration in support of his claims. (Doc. 7.) Plaintiff Morgan has filed a Motion for Appointed Counsel (Doc. 3), a motion to amend or correct the Complaint (Doc. 5), and discovery materials. (Doc. 6.) For the reasons that follow, Plaintiffs's Complaint is **DISMISSED WITHOUT PREJUDICE** and all of Plaintiffs's remaining pending motions (Docs. 2, 3, 5) are **DENIED AS MOOT**.

The Prison Litigation Reform Act (PLRA) requires that a prisoner bringing a civil action *in forma pauperis* be responsible for paying this Court's filing fee. 28 U.S.C. § 1915(b). Under the PLRA, multiple prisoners proceeding *in forma pauperis* are not allowed to join as plaintiffs in a single lawsuit and pay a single filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1998 (11th Cir. 2001) (affirming dismissal for multiple prisoners joined in single lawsuit proceeding *in forma pauperis*). Instead, each prisoner must file their own lawsuit and pay an individual filing fee. *Id.* ("[E]ach [prisoner] had to file a separate complaint a pay a separate filing fee.") Following the 11th Circuit, Plaintiff are therefore not allowed to proceed together *in forma pauperis* in this action.

1

As it does not appear Plaintiff's claims would be barred by the applicable statute of limitations if permitted to refile their claims, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE.** Each Plaintiff, if they so choose, may file a separate complaint as to the claims personal to him. Should the Plaintiffs do so, they must pay the applicable filing fee or submit a proper motion to proceed *in forma pauperis*.[1] The Clerk of Court is **DIRECTED** to mail each Plaintiff a copy of the appropriate forms that Plaintiffs may use for this purpose if they so desire. As the present complaint may not proceed as a matter of law, Plaintiff's pending motions (Docs. 2, 3, 5) are **DENIED AS MOOT**.

SO ORDERED, this 26th day of July, 2022.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court notes that to the extent either Plaintiff seeks to bring their claims as a class action on behalf of his fellow inmates, a *pro se* Plaintiff may not represent the interests of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")). This same principal precents either *pro se* Plaintiff from seeking relief on behalf of the other Plaintiff in this action.